39  201
44  633

DAVID M. HAVERLY ET AL. V. MARGARET J. ELLIOTT.

FILED FEBRUARY 6, 1894.    No. 5065.

1. **Unlawful Sale of Stock of Goods by Receiver:** MEASURE OF DAMAGES: INSTRUCTIONS: CONVERSION.    Plaintiff owned and conducted a confectionery store and manufactured and sold ice cream and soda water.  She also owned a stock of confections, and a miscellaneous lot of furniture and fixtures, used in her business, such as tables, chairs, shelving, counters, ice cream freezers, tableware, and soda fountain.  One Haverly held a lien against this property for about $250, and brought a suit in equity to foreclose it, and obtained the appointment of a receiver, who took possession of plaintiff's property and place of business, and held them for some days and then sold the property to pay Haverly's lien.  It having been finally decided that the order appointing the receiver ought not to have been granted, the plaintiff sued Haverly and his sureties on the bond given by them to obtain the appointment of such receiver.  *Held*, That the instructions of the district court, that the plaintiff's measure of damages was (1) the value of her interest in the property sold by the receiver at the time he took possession of the same, and (2) the actual loss she sustained by the suspension of her business during the time she was prevented from carrying it on by reason of the possession held by the receiver of her property and place of business, were correct.

2. **A motion for a new trial** in the language of the statute is sufficient, but no error will be considered in this court which is not specifically assigned as such in the petition in error.

3. **Objections to the admission or exclusion of evidence,** to be available, should be made at the time such evidence is offered, and a motion made after the trial closes, to strike out certain evidence, should be overruled.

ERROR from the district court of Douglas county.  Tried
below before DAVIS, J.

The facts are stated in the opinion.

*Holmes & Macomber,* for plaintiffs in error, contending
that the instructions directing the jury to allow damages
for injury to business are erroneous, and that the verdict is
not supported by the evidence, cited: *Lawrence v. Hager-
man,* 56 Ill., 77; *Campbell v. Chamberlain,* 10 Ia., 337;
*Lowenstein v. Monroe,* 55 Ia., 82; *Watson v. Sutherland,*
5 Wall. [U. S.], 74; *North v. Peters,* 138 U. S., 271;
*French v. Ramge,* 2 Neb., 257.

*Henry D. Estabrook, contra,* to sustain the instructions,
cited: *Meyer v. Fagan,* 34 Neb., 184; *Bruce v. Coleman,*
1 Handy [O.], 515; *Munnerlyn v. Alexander,* 38 Tex., 125;
*Hoge v. Norton,* 22 Kan., 374; *Wood v. State,* 66 Md., 61;
*Muller v. Fern,* 35 Ia., 420; *Gear v. Shaw,* 1 Pin. [Wis.],
608; *Chicago City R. Co. v. Howison,* 86 Ill., 215; *Lange
v. Wagner,* 52 Md., 310.

RAGAN, C.

In the month of August, 1885, Margaret J. Elliott was
engaged, in the city of Omaha, in conducting a confection-
ery store and in the manufacture and sale of ice cream and
soda water.   She owned a soda fountain, some tables, chairs,
shelving, ice cream freezers, tableware, and other fixtures
and furniture necessary to the conduct of such business,
and had on hand some confections, fruits, and cream.
One Haverly on the 14th of this month had a lien against
this property for about $250, and brought a suit in equity
in the district court of Douglas county against Mrs. Elliott
to foreclose this lien.   He made application for, and had
appointed, a receiver, who took possession of this property
of Mrs. Elliott and also took possession of her place of

business, closed the same up, put the place and property in the care of an attendant, and so kept it for some eleven days. He then sold the property to raise the money due Haverly on his lien. By the decree rendered in the case brought by Haverly it was decided that the order appointing a receiver ought not to have been granted. Mrs. Elliott brought this suit for damages against Haverly and the sureties on his bond, given to obtain the appointment of said receiver. There was trial to a jury and a verdict in favor of Mrs. Elliott for $1,000. The district court overruled a motion for a new trial, rendered judgment on the verdict, and Haverly and his sureties bring the case here on error.

There are three points relied on by plaintiffs in error for a reversal of this judgment:

(1.) Improper admission of evidence on the trial in behalf of the defendant in error.

(2.) Erroneous instructions given by the court to the jury.

(3.) That the verdict is not sustained by sufficient evidence and is contrary to law.

The complaint made by counsel for plaintiffs in error as to the wrongful admission of evidence is thus stated by them in their brief: "Upon the trial to the jury the defendant in error introduced, over the objection of the plaintiffs in error, testimony tending to show the nature and volume of the business, the length of time the business was suspended, and the amount of profit that was made on certain sales. (See record, interrogatories 12, 14, 18, 250, 254, and 268.)" But the only error assigned in the petition in error on the subject of evidence is as follows: "The court erred in overruling the motion to exclude the testimony offered by the defendant Elliott at the trial, tending to establish the good-will of the business in issue." The questions which counsel say, in their brief, the court erred in permitting to be answered are not referred to in their peti-

tion in error, and for that reason we cannot review the ruling of the district court in permitting those questions to be answered. Once more we desire to call the attention of the bar of the state to the oft-repeated rulings of this court, that in order for a litigant to obtain a review of an alleged error made by the district court in the admission or rejection of testimony, such alleged error must be specifically alleged in the petition in error filed here. A motion for a new trial in the language of the statute is sufficient, but no error can be considered in this court which is not assigned as an error in the petition in error.

As to the error which it is alleged the court committed in overruling counsel's motion to exclude evidence offered by the defendant Elliott tending to establish the good-will of the business, there are several things to be said:

Repeated examinations and readings of all the evidence of the defendant in error fail to disclose that the Elliotts, or either of them, gave any testimony on behalf of the defendant in error as to the value of the good-will of Mrs. Elliott's business. It is true that they testified as to the length of time that the place of business was closed; as to the volume of business that was being done at the time the receiver took possession; of the amount of sales per day, and of the expense of conducting the business; but this evidence did not come within the motion made by the plaintiffs in error, the overruling of which is alleged here as error. "Good-will is the advantage or benefit which is acquired by an establishment beyond the mere value of the capital, stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers, on account of its local position or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices." (Anderson's Dictionary of Law.) Again, this motion of plaintiffs in error was made

after all the evidence on both sides of the case had been taken and both parties had rested. Now, if one of the Elliotts had testified on the trial as to the value of the good-will of Mrs. Elliott's business, counsel should have objected then and there to such testimony, if they thought it incompetent. It will not do to wait until the evidence is all in and the trial closed, and then, by a general motion, move to exclude testimony on a certain subject; and for that reason the court below did not err in overruling this motion. It remains also to be said that the court specifically instructed the jury that they could not allow Mrs. Elliott anything for the value of the good-will of her business. So that, in any view that we may take of this assignment, the plaintiffs in error have not been prejudiced by the ruling of the court.

Counsel for plaintiffs in error also insist that the trial court erred in giving certain instructions to the jury. The instructions complained of are as follows:

"4. The elements of damage for which plaintiff is entitled to recover consist (1) of the injury to her business during the time she was prevented from carrying the same on, by the possession taken by the sheriff and the receiver subsequently appointed; (2) of the loss which she sustained, if any, in the sale of said property by the receiver.

"5. You are instructed that you cannot, under the evidence, allow the plaintiff anything for the value of the good-will of the business, nor can you allow anything for profits, as such, which she might have made in the business, but you will consider the nature of the business, the amount which was being transacted at the time, from the circumstances shown by the evidence, and determine therefrom the damages which the evidence satisfies you plaintiff sustained during the time her business was interrupted and interfered with, from the time possession was taken by the sheriff up to the time the receiver gave up possession of the place where the business was carried on. Such

damages as plaintiff has shown by satisfactory testimony she has sustained by reason of such interruption of her business, she is entitled to recover for."

The substance of these instructions is that Mrs. Elliott was entitled to recover the value of her interest in the property sold by the receiver at the time he took possession of the same, and the actual loss she had sustained by the suspension of her business during the time she was prevented from carrying it on, by the possession taken and held by the receiver of her property and place of business. We are very clear that plaintiffs in error have no reason to complain of these instructions. The law of the state, and the bond given by Haverly and his sureties as well, provided that if it should be finally decided that this receiver was wrongfully appointed, then that Haverly would pay Mrs. Elliott all damages which she might sustain by reason of the appointing of such receiver. The word "all" does not mean some, nor a part, but means the whole; the entire damage; every item of injury; and if profits which Mrs. Elliott would have made but for the interruption of her business cannot be awarded, it is not because the law would not give them to her, but because no sufficiently certain rule of evidence has been discovered by which such damages can be measured. The judgment of the court that this receiver was wrongfully appointed put Mr. Haverly and the receiver in the position of trespassers. They not only closed up this woman's place of business, but they took her property and converted it. Certainly, then, she was entitled to recover the value of her interest in this property, and if she was prevented from carrying on the business in which she was engaged because this receiver took forcible possession of her place of business and excluded her therefrom, it would be a strange rule of law that would not give her as damages such compensation as would put her in as good position as she would have been in had her property and place of business not been taken from her.

In *Chicago City R. Co. v. Howison*, 86 Ill., 215, it is said:
" Where one has an established business and has been pre-
vented from carrying it on by another, damages are recov-
erable for loss of profits which he would have made had
his business not been interfered with." (See also *Munner-
lyn v. Alexander*, 38 Tex., 125; *Hoge v. Norton*, 22 Kan.,
265; *Muller v. Fern*, 35 Ia., 420.) The last case cited was
a suit on an injunction bond, and the court held that the
plaintiffs were entitled to recover for the loss of time oc-
casioned by the injunction, at the usual rate of wages, pro-
vided they used diligence to secure other employment during
the time they were prevented from work by said injunction.

Plaintiffs in error also allege that the court erred in
giving the seventh instruction to the jury.   It is as fol-
lows: " If you find from the evidence that the plaintiff
sustained no actual damage by reason of the interruption
of her business, and that the value of the property did not
exceed the liens, your verdict shall be for the plaintiff only
for nominal damages.   Nominal damages are given, not as
compensation for any actual loss sustained, but merely for
a violation of a legal right, and should not be in any sub-
stantial amount."

It is urge l by counsel that this instruction placed the
burden of proof upon the plaintiffs in error.   We do not
think it did.   The court had already told the jury that the
burden of proof was on Mrs. Elliott to show by a prepon-
derance or greater weight of the testimony what damage
she sustained by reason of the appointment of said receiver
and his taking possession of her property.

The next assignment of error made by counsel for plaint-
iffs in error is that the verdict of the jury is contrary to
the law and the evidence.   We have not time to quote the
evidence, but a careful study of it convinces us that it
supports the verdict.   Indeed, we think that the verdict
might have been much larger and still have been sustained,
but for the limitation fixed in the bond.

Finally, it is said by counsel ·for plaintiffs in error that the petition of Mrs. Elliott contains no sufficient allegation of damages. The allegation in the petition on the subject of damages, after setting forth the facts in the case, is: "And plaintiff avers that by reason of the wrongful appointment of said receiver as aforesaid, that all the property and effects, choses in action, of said business were dissipated and destroyed, and the goods, merchandise and fixtures wasted and consumed by the excessive costs, plaintiff and her children turned out of house and home, and the means of procuring a living, to the damage of plaintiff in the sum of $5,000." If counsel for plaintiffs in error desired a more specific or itemized statement of damages which Mrs. Elliott alleged she had sustained by reason of the wrongful appointment of the receiver, and his actions in the premises, they should have made application to the district court for an order requiring the petition to be made more specific and certain in that respect. There is no error in the record and the judgment of the district court is

AFFIRMED.

IRVINE, C., having been of counsel in the case below, took no part in the decision here.