JOHN B. FLANNERY, DEFENDANT IN ERROR, v. THE CEN-
TRAL BREWING COMPANY, IMPLEADED, &c., PLAINT-
IFF IN ERROR.

Submitted March 22, 1904—Decided November 14, 1904.

1. It is not reversible error for the court to refuse to strike out a
deposition, offered and admitted in evidence without objection,
solely upon the ground that the witness, whose deposition was
so admitted, had appeared in court during the trial and after its
admission.
2. Some reason must be given alleging surprise at the ability of the
witness to attend, and showing that the failure to object to the
introduction of the deposition was due to misinformation or lack
of knowledge as to the ability of the witness to appear in court
and give oral evidence.
3. Such a motion must also be made, as soon after the ability of
the witness to attend and give evidence is discovered, as the
proper and orderly conduct of the cause will permit, otherwise
the right to make the motion to strike out will be deemed to be
waived.

On error to the Supreme Court. Tried at the Hudson
Circuit, before Justice Dixon and a jury.

For the plaintiff in error, *Leon Abbett* and *Lindley M.
Garrison.*

For the defendant in error, *Warren Dixon.*

The opinion of the court was delivered by

FORT, J. There is but a single question in this case re-
quiring consideration.

The record in the case shows that the deposition of John
B. Flannery, the plaintiff, was taken at his home, before the
trial, "pursuant to an agreement made in open court be-
tween Warren Dixon, attorney of the plaintiff, and Leon
Abbett, attorney of the defendant, the Central Brewing Com-
pany, and William D. Edwards, attorney of the defendant,
the Jersey City, Hoboken and Paterson Street Railway Com-
pany."

At the time of the taking of the deposition the attorney of the defendant, the Central Brewing Company, was present and cross-examined the witness.

At the trial, and immediately after opening the case, the plaintiff's attorney, to maintain the issue on his part, offered in evidence the deposition of John B. Flannery, as taken at his home on September 18th, 1903. There was no objection made to this offer and the same was admitted in evidence.

On the second day of the trial, when Dr. William F. Payson was upon the stand, there appears, in parentheses, in the record of the stenographic notes of the evidence sent up, the following paragraph: "The plaintiff is brought in in a chair, carried by men, and is placed in front of the jury; his clothing is opened in front, exposing his abdomen." How long the plaintiff remained, or what became of him, the record does not disclose. The brief of one of the counsel does state, but we cannot accept that as proof. Nor does it appear that any testimony was given in the cause by the physicians, by referring to the plaintiff as an exhibit to explain his case, or their evidence.

The next incident in relation to the plaintiff's having appeared in court occurs after the plaintiff rested. At this point the record is as follows:

"Mr. Speer—On behalf of the Jersey City, Hoboken and Paterson Street Railway Company, I move for a nonsuit, on the ground that no negligence has been shown against this defendant.

"Mr. Garrison—I move to strike out the testimony of the plaintiff, on the ground that the plaintiff having attending [?] in court, cannot have the benefit of the testimony given by him in the deposition.

"The Court—I will grant Mr. Speer's motion. I deny Mr. Garrison's motion.

"Mr. Garrison, on behalf of the brewing company, prays an exception, and said exception is allowed, and signed and sealed accordingly.

"JONATHAN DIXON,
"Justice Supreme Court."

Sections 35 and 57 of "An act concerning evidence" (Revision of 1900), approved March 28th, 1900, are the only sections authorizing the taking *de bene esse* of the testimony of any party to an action. *Pamph. L.* 1900, *p.* 362. The testimony of the plaintiff in this case was evidently not taken under section 35, as there was no order of the court for the examination of the plaintiff.

Section 57 provides "that it shall be lawful for attorneys or solicitors of record in any civil action to˙ stipulate in writing to take *de bene esse,* without order of the court in which such action is pending, the testimony of any party to such action or of any witness therein, whether such party or witness shall reside or be within or without this state." The statute then proceeds to declare what the written stipulation shall contain, and after giving the particulars thereof concludes as follows: "Either party may file the transcript of said testimony with the clerk of the court in which such action is pending, and thereupon either party may use the testimony so taken, on the trial of said action, in the same manner and with the same force and effect as if said testimony had been taken under a commission duly issued by the court on application therefor made as hereinbefore provided to take *de bene esse* the testimony of such party or witness."

It is quite apparent from the record that the testimony of the plaintiff was irregularly taken, even under section 57. But irregularity in the taking of a deposition, under the statute, will not defeat the introduction of the testimony in evidence. Section 52 of the Evidence act provides that the same "shall not be excluded for any irregularity or informality in taking or returning the same, if the court in which the same is offered shall be satisfied that the testimony of the witness has been fairly and truly taken and returned; and if such deposition or examination shall be admitted in evidence by the court, no exception shall be taken to the admission thereof, on the ground of any irregularity or informality in taking or returning the same."

This citation from the statute will show that the motion

to strike out the deposition in this case cannot prevail because of any irregularity or informality in the taking of the same appearing on the face of the same as it was returned. By the express provision of the statute, exception cannot be taken to the admission thereof on such a ground. The motion was to strike out the deposition offered and admitted without objection, and hence legally in evidence at the time the motion was made.

Professor Jones, in his work on *Evidence,* declares that "it is a matter of right, on proper motion, to have testimony stricken out which is irresponsive and prejudicial, and the error of the court in this respect is subject to review by the appellate court. If no such motion is made, the reception of such testimony is not error; and if the motion to strike out is not promptly made the *right* is *waived."* 3 *Jones Evid.,* § 898.

The motion to strike out in this case was made upon a single ground, namely, "that the plaintiff, having attended in court, cannot have the benefit of the testimony given by him in the deposition." The plaintiff was carried into court in a chair. Dr. Payson was on the stand when he was thus brought in; after that Dr. Payson was further examined, and his testimony concluded, and then, before the motion was made, Doctors O'Gorman and Dougherty were called by the plaintiff and examined and cross-examined at length, and the plaintiff had rested and a motion to nonsuit in behalf of the traction company had also been made. It seems to us, that even if upon the prompt making of the motion it might have prevailed, that the delay for this length of time after knowledge of the ability of the plaintiff to attend was to waive the right to make the motion. *Harvely* v. *Elliott,* 39 *Neb.* 201; *Chicago, St. Louis and Pittsburg Railroad Co.* v. *Champion,* 9 *Ind. App.* 510; *Brown* v. *Owen,* 94 *Ind.* 31; *Hickman* v. *Green,* 123 *Mo.* 165, 173.

One who has thus taken his chances of advantage has not, when he finds the testimony prejudicial, the legal right to exclude it. *Levin* v. *Russell,* 42 *N. Y.* 251, 256; *C. C. C.*

*& I. Ry. Co.* v. *Wynant,* 134 *Ind.* 681, 694; *Wheelock* v. *Godfrey,* 100 *Cal.* 578, 587; *Hoyt* v. *Hoyt,* 112 *N. Y.* 493.

Nor do we think if the motion had been promptly made, say after the testimony of Dr. Payson had been concluded, that the court would have been required to strike out the deposition for the reason given as the ground of the motion.

The plaintiff's deposition was taken by consent; its contents was known to the defendant's attorney, and it was admitted after formal offer in open court and without objection. Good reason must be assigned on a motion to strike it out. The fact that the plaintiff had been carried into court during the progress of the trial was not of itself such a reason as would make it error for the court to refuse to strike out a deposition previously legally admitted. If, when the plaintiff was brought into court, or as soon thereafter as proper opportunity had presented itself in the orderly conduct of the cause, the motion had been made to strike out the deposition and it had been alleged as a ground for the motion, surprise at the plaintiff's ability to attend and capacity to testify, or that defendant had been misled in not objecting to the deposition when originally offered because of the information or belief that the plaintiff was still unable to attend in court, then a timely question would have been raised requiring judicial action; and if it then appeared that the plaintiff possessed the capacity to give oral testimony a refusal to strike out would have been reviewable.

No such legal situation is presented in the record and the motion to strike out was therefore rightly denied.

Other assignments of error were argued and have been considered, but none are found to have substance.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, GREEN. 9.

*For reversal*—VROOM, GRAY. 2.