CHARLES S. JOSLIN ET AL., TRUSTEES, v. DORA E. WILLIAMS.*

FILED MAY 3, 1906. No. 14,258.

1. **Receivers: DAMAGES.** In an action for damages growing out of the wrongful appointment of a receiver, the rental value of the property sequestered during the period of the receivership and the value of the services of counsel employed to procure the vacation of the order appointing the receiver are elements proper to be considered in determining the measure of damages.

---

* Rehearing allowed. See opinion, p. 602, *post.*

2. ———: APPROVAL OF ACCOUNTS. The approval of the accounts of a receiver wrongfully appointed does not adjudicate the question of damages between the litigants in the action in which the receiver was appointed, where the party resisting such appointment and procuring a reversal of the order making the appointment does not participate in the accounting and receives no advantage therefrom.

3. ———: DAMAGES. The fact that the supreme court, in vacating an order appointing a receiver, puts its decision upon a ground different from the one urged by counsel does not deprive the party procuring the vacation of the order of the right to recover, in an action for damages, the value of the services of his attorney in procuring the judgment of vacation.

ERROR to the district court for Douglas county: ED-MUND M. BARTLETT, JUDGE. *Affirmed.*

*Hamilton & Maxwell,* for plaintiffs in error.

*B. N. Robertson, contra.*

JACKSON, C.

In July, 1901, Charles S. Joslin and Suviah Joslin, as trustees under the will of John J. Joslin, deceased, procured the appointment of a receiver in an action to foreclose a mortgage, wherein they were the plaintiffs and Dora E. Williams et al. were defendants. Upon appeal to the supreme court the order appointing the receiver was vacated and the petition for the appointment dismissed. *Joslin v. Williams,* 3 Neb. (Unof.) 194. In that proceeding the Fidelity and Deposit Company of Maryland was surety on the bond of the applicants for the appointment. The receiver made report to the district court showing the collection of rents amounting to $257.60, and disbursements to the amount of $143.41, including his fees, and the remainder, by direction of the court, was paid over to the clerk subject to the order of Dora E. Williams, and that fund still remains in the custody of the court; and thereupon Dora E. Williams brought suit against the Joslins and their surety on the bond for

damages because of the wrongful appointment of the receiver, and recovered judgment, from which error is prosecuted on behalf of the Joslins and their surety. In the discussion of the case the parties will hereafter be designated as they were designated in the court below.

The principal questions presented for determination in this court may be summarized, first, as to the effect of the order approving the report of the receiver and directing the disbursement of funds upon plaintiff's claim for damages by reason of the wrongful appointment; and, second, as to the measure of damages. It is urged on behalf of the defendants that the order confirming the report of the receiver and directing the disbursement of funds in his hands amounts to an adjudication of the rights of the plaintiff. This contention cannot be sustained, except upon the theory that the plaintiff was compelled to litigate in that action her right to the damages involved in this action; and it would seem that a bare statement of the proposition ought to be sufficient to dispose of that question. The accounts of the receiver are not involved, nor was there involved in the accounts of the receiver any question of damages which might arise by reason of his wrongful appointment. The appointment of a receiver adjusts and determines the right of no party to the proceedings, and grants no final relief, directly or indirectly. *Vila v. Grand Island E. L., I. & C. S. Co.,* 68 Neb. 233. The discharge of the receiver and the settlement of his accounts was a necessary result of the appointment, and was, of course, conclusive as between the parties litigant and the receiver himself, but did not have the effect of determining the question of damages as between the litigants, any more than the dissolution of an injunction or the discharge of an attachment would determine the question of damages in actions where relief by injunction or attachment is sought.

By section 269 of the code, it is provided that every order appointing a receiver shall require the applicant to give a good and sufficient bond, conditioned to pay all

damages which the other parties to the suit, or any of them, may sustain by reason of the appointment of a receiver, in case it shall be finally decided that the order ought not to have been granted. This provision is similar in effect to those provisions of our code requiring bonds to be given in attachment proceedings and upon the procuring of temporary orders of injunction, and, while the liability on the bond follows as a result of the final judgment in such cases, the extent of such liability and the measure of damages remains to be determined in an independent action on the bond. That is equally true in cases of a bond given by the applicant for the appointment of a receiver. The case is not one where the appointment of a receiver was acquiesced in or agreed upon by the parties, or where it was finally determined that the appointment was justified. The appointment in this case was resisted at the outset, and the right to such appointment was contested at every stage of the proceedings; and, while the rights and liabilities of the receiver were determined upon the settlement of his account, the liabilities of the parties to each other, growing out of the appointment, were in no sense determined or adjudicated. Authorities are cited to the effect that the plaintiff should not be held responsible for losses which result from the wrongful acts or negligence of the receiver. They are not applicable, however, to this case, where the wrong does not arise out of the misconduct of the receiver. The damages here result from the wrongful appointment procured at the instance of the defendants Joslin.

At the trial the plaintiff was permitted to prove, over the objections of the defendants, the rental value of the premises during the period when the receiver collected the rents and profits, and the value of the services of counsel employed in her behalf in procuring the vacation of the order appointing the receiver. It is urged that the rental value of the premises was not a proper measure of damages under the allegations of the petition, and that attorney's fees in procuring the vacation of the order

should not be considered as an element of damages. The petition contains a recital of the appointment of the receiver, a copy of the bond, the appeal to the supreme court and the order there made, the mandate of the supreme court requiring the district court to carry into effect the judgment of the supreme court, that the plaintiff was compelled to and did employ an attorney to prosecute the appeal to the supreme court, and the obligation to pay for the services so performed, together with the personal expenses of her attorney, which she was required to pay. It recites her title to the property and that she was entitled to the possession and the rents and profits; that the receiver entered upon the discharge of his duties, demanded and received the rents during the entire period of his receivership, and that he used and appropriated the rents and income arising therefrom; that the fair rental value of the premises was $24 a month and that the receiver collected the sum of $360 as such rents and profits. The contention that the rental value of the premises during the period of the receivership was not a proper measure of damages doubtless arises from the construction placed upon the allegation of the petition by the defendants. We have no hesitancy in saying that the rental value of the premises was a proper measure of damages, and that the allegation in the petition showing the amount of rents collected by the receiver is entirely immaterial. What the result would have been had the plaintiff accepted the remainder of the rents and profits paid into court by the receiver, or had the plaintiff procured or participated in the proceedings resulting in the statement of the receiver's account, it is unnecessary to determine; nor is it important to the inquiry that she might still apply to the clerk of the district court and receive the remainder from his hands. It is sufficient to state that she did not procure the accounting by the receiver and has not received any part of the funds collected by him; nor is it important that the defendants have permitted that fund to remain in the custody of the clerk.

. There is no statute expressly authorizing the allowance
of attorney's fees as an item of damages where it is finally
determined that a receiver should not have been ap-
pointed. That is true, however, of every other element of
damages. The statute does not undertake to define the
damages which the applicant for the appointment of a
receiver may be called upon to pay in the event that the
receiver is improperly appointed. That is equally true in
cases of the allowance of a temporary injunction and the
attachment of property under the provisions of the code.
It is now, however, the settled rule of this state that at-
torney's fees are properly allowable in such cases as an
element of damages, and there seems to be no good reason
why they should not be allowed in case of the wrongful
appointment of a receiver. But it is said that this rule is
a hardship on the defendants, as illustrated by the fact
that the item of attorney's fees charged exceeds the entire
amount of the rents and profits. Any other rule, however,
would work a hardship on the plaintiff, whose property
was sequestered and who was obliged to and did employ
counsel in order that the wrong might be righted, and it
should be the policy of the law, where hardship must be
suffered by some one, to relieve the litigant who is free
from wrong and to cast the onus upon the one out of whose
wrongful acts the hardship arises.

Furthermore, it is insisted that in the appellate pro-
ceedings from the order appointing the receiver counsel
for plaintiff presented the case upon the theory that the
property was the homestead of the plaintiff, whereas the
appellate court finally put the decision upon the ground
that the plaintiff's right of possession was by reason of
the provisions of section 17, ch. 36, Comp. St. 1901. That
course of reasoning does not impress us with very much
force. The fact remains that the plaintiff contended that
the character of the property was such as to prohibit the
appointment of a receiver. That contention was sustained
in the appellate court, although upon a ground different
from the one urged. That would not militate, however,

against the plaintiff's demand for damages; the result
was the same, notwithstanding the erroneous reason. In
*Haverly v. Elliott,* 39 Neb. 201, an action on a bond given
in a case where the receiver was wrongfully appointed, it
is said:

"The law of the state, and the bond given by Haverly
and his sureties as well, provided that if it should be
finally decided that this receiver was wrongfully ap-
pointed, then that Haverly would pay Mrs. Elliott all
damages which she might sustain by reason of the ap-
pointing of such receiver. The word 'all' does not mean
some, nor a part, but means the whole, the entire damage,
every item of injury."

The rule there stated is justified by the language of the
statute, and, to say the least, is a common sense rule.

It is contended that the court erred in denying an offer
on the part of the defendants to put in evidence the report
of the receiver and the order of the district court thereon.
In view of the conclusion already reached, however, we
must hold that the objection to the introduction of this
record was properly sustained.

In the answer of the defendants a counterclaim is set
out for costs paid by the defendants in the foreclosure
proceedings, which were adjudged against the plaintiff.
It appears that upon the trial of the foreclosure proceed-
ings on its merits the district court found for the defend-
ants in that proceeding and dismissed the plaintiff's peti-
tion. Upon appeal to the supreme court that decree was
reversed at the cost of the appellee, amounting to $21. It
was adjudged by the decree of foreclosure that, in default
of the payment by the defendant of the amount found due
on the mortgage, with interest and costs of suit (alleged
to amount to $127.71, including the item of $21, costs in
appellate court), the property should be sold as upon
execution for the satisfaction thereof, and this, it is said,
is a personal judgment against the plaintiff, which she
has not satisfied, although the costs were paid out of the
proceeds of the sale of the mortgaged property. No de-

ficiency judgment, however, was or could be entered in the foreclosure proceedings, and, in our opinion, no execution could issue upon the judgment for costs, other than an order for the sale of the mortgaged premises.

In the instructions to the jury given by the court on its own motion, the court advised the jury as to the allegations of the petition and of certain admissions contained in the answer, but neglected to state that the answer contained a general denial. It is complained that the instruction is erroneous and prejudicial. That the instruction is open to criticism may be conceded. In view, however, of the other instructions to the jury, we do not think that the failure to call the attention of the jury to the general denial was prejudicial. The court instructed the jury that the burden of proof was on the plaintiff to establish the allegations of her petition by a preponderance of the evidence. This instruction was certainly as favorable to the defendants as the pleadings would justify, and necessarily had the same effect as a statement from the court that the allegations of the petition were denied. In instruction No. 3 the court said: "You are further instructed that the court did not permit evidence to be introduced in support of the cross-demand or other defense to said bond, alleged in the answer of said defendants, for the reason that, as a matter of law, said allegations in said answer are not a defense to this action upon this bond in controversy, and you will therefore not consider the same." This instruction is also open to criticism because of the use of the words "or other defense," but, in view of the state of the record, cannot be said to have been prejudicial. All of the rulings of the court in the matter of the introduction of evidence, to which our attention has been called, were proper; and all offers of evidence on behalf of the defendants which were excluded on objection were properly excluded, and no prejudice to the defendants could possibly arise out of the instructions complained of.

In defining the elements of damage for which the plaintiff was entitled to recover, they were stated thus by the

court: "First. Of the injury to her possession during the time she was deprived of the occupation of said premises. Second. The actual and necessary expenses which she incurred in the employment of an attorney, if any, to resist said receivership, and of the natural and necessary expenses of said attorney in going to Lincoln to attend the supreme court in the matter of resisting said appointment of a receiver, and of the costs of court which she expended in said resistance to the appointment of said receiver." It is said that this instruction is erroneous, in that it submits to the jury the question as to the value of the services rendered by plaintiff's attorney to resist the receivership, whereas the allegations of the petition relative to the services of an attorney in the district court were stricken out on motion. The court, however, by another instruction, told the jury not to consider any services rendered by the attorney for plaintiff in the district court. In instruction No. 6 the court directed the jury to return a verdict for the plaintiff and assess her damages at such sum as they might find from the evidence, under the instructions, she was entitled to recover, not exceeding the penalty in the bond. This instruction was entirely proper. Under the pleadings and evidence no verdict could stand except one favorable to the plaintiff. All other objections to the instructions are disposed of in the previous discussion of the case.

We find no reversible error in the record, and recommend that the judgment of the district court be affirmed.

ALBERT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed May 24, 1907. *Judgment of affirmance adhered to:*

1. **Homestead:** FORECLOSURE: RECEIVERSHIP, COST OF. The value of a mortgagor's homestead interest and right of possession of the

mortgaged premises pending foreclosure proceedings cannot be diminished by the costs of a receivership, the fees of the receiver, or the money not necessarily paid out by him for repairs on the premises, where it has been finally decided that the receiver ought not to have been appointed.

2. **Receiver's Bond:** ACTIONS: CROSS-DEMAND. In an action on the bond given to obtain the appointment of the receiver, in such a case, defendants cannot by way of cross-demand recover the costs of the foreclosure proceeding for which the owner of the homestead interest was not personally liable.

BARNES, J.

This is an action on a bond given by the plaintiffs in a foreclosure suit to obtain an order appointing a receiver to take possession of the mortgaged premises, collect the rents and profits thereof pending the litigation, and apply them to the satisfaction of the mortgage debt. The plaintiff herein had judgment in the court below, which was affirmed by our former decision, *ante*, p. 594. The case has been reargued to the court on a rehearing, and the question now is, shall we adhere to our former judgment?

It appears that the bond in question was given under the provisions of section 269 of the code, and was conditioned: That the plaintiffs in that suit should pay to the defendant, plaintiff herein, all damages which she might sustain by reason of the appointment of the receiver, if it should be finally decided that the order ought not to have been granted. By the judgment of this court it was finally decided that the order should not have been made, and that branch of the foreclosure suit was dismissed and the proceeding wholly terminated. *Joslin v. Williams*, 3 Neb. (Unof.) 194. It further appears that the plaintiff herein was the surviving mortgagor of the house and lot, the subject of the foreclosure suit, which was her homestead, and was therefore entitled to the undisturbed possession, use and enjoyment thereof until after sale and confirmation under decree of foreclosure; that the receiver took charge of the property over the plaintiff's objection, deprived her

of the use and possession thereof, collected the rents and profits, which she was clearly entitled to receive, and which, but for such wrongful appointment, she would have received for her own use and benefit. That the plaintiff can maintain this action seems clear; so the only question for our determination is the proper measure of her damages.

It is contended by the defendants that the plaintiff is not entitled to recover the rental value of the premises in question during the time she was wrongfully deprived of her right to the possession thereof, for the reason that from the nature and character of the receivership proceedings the possession of the receiver was her possession; that he was her receiver, and not the representative of the plaintiffs in the foreclosure suit. In support of this contention counsel quote from *Wiswall v. Sampson,* 14 How. (U. S.) *52, *65, as follows:

"The effect of the appointment is not to oust any party of his right to the possession of the property, but merely to retain it for the benefit of the party who may ultimately appear to be entitled to it; and when the party entitled to the estate has been ascertained, the receiver will be considered his receiver."

An examination of the case from which the above quotation is taken shows that it was an action in ejectment. The plaintiff claimed title through an execution sale of the real estate in question based on a judgment at law; while the defendant claimed title through a sale made by a master in chancery in an action to set aside a conveyance of the real estate as fraudulent, and subject it to the payment of a judgment upon which an execution had been issued and returned unsatisfied. It appears that in the equity proceeding a receiver was appointed to take charge of the property after the rendition of a decree adjudging the conveyance fraudulent as to creditors and ordering that the property be subjected to the payment of the judgment or judgments in question. There was no contention that the receiver was not rightfully appointed, and the

excerpt relied on is only a part of the reasoning of the
court to uphold its judgment. The thing actually decided
in that case was that, where real estate is in the custody
of a receiver appointed by a court of chancery, a sale of
the property under execution issued by virtue of a judg-
ment at law is illegal and void. And the proper proceed-
ing to be pursued by any person claiming title to such
property either by mortgage, judgment or otherwise was
there pointed out. So it may be said that the decision
does not support the defendants' contention.

Again, it would seem clear that before a receiver could
be said to be the receiver of any party, especially of a
party opposing his appointment at all stages of the pro-
ceedings, he must have been rightfully appointed. In the
case at bar the plaintiff never acquiesced in the appoint-
ment of the receiver, but on the other hand protested
against such appointment, and took the proper steps to
reverse the order of the district court in that behalf.
She was successful; and the rule invoked that the receiver
who was wrongfully appointed must be accepted by her
as her receiver is so absurd we cannot give it our approval.
It seems to us that this case is ruled by *Haverly v. Elliott,*
39 Neb. 201. There the plaintiff owned and conducted a
confectionery store, and manufactured and sold ice cream
and soda water. She also owned a stock of confections
and a miscellaneous lot of furniture and fixtures used in
her business. One Haverly held a lien against this
property and brought suit in equity to foreclose it. He
obtained the appointment of a receiver, who took posses-
sion of the plaintiff's property and place of business,
held them for some days, and then sold the property to
pay the Haverly lien. It having been finally decided that
the order appointing the receiver ought not to have been
granted, the plaintiff sued Haverly and his sureties on the
bond given to obtain the appointment of such receiver.
We held that the value of her interest in the property sold
by the receiver at the time he took possession of the
same, and the actual loss she sustained by the suspen-

sion of her business during the time she was prevented from carrying it on, by reason of the possession held by the receiver of her property and place of business, was the correct measure of damages. In the case at bar the plaintiff was entitled to the possession of her home until after sale and confirmation upon a decree of foreclosure. The defendants Joslin wrongfully obtained the appointment of a receiver and thus deprived her of her right of possession. The value of her possession was the fair rental value of the premises during the time they were held by the receiver. She was entitled to such rental value, and it could not lawfully ᴜᴇ diminished by the costs and expenses of the receivership which, including his fees, he deducted from the amount of rent collected by him.

Again, a party could not lawfully be required in such a case as this to expend any of the money which she was entitled to receive as the rental value of the premises in improvements or repairs thereon of any kind. Of course, it might not be for her interest to make repairs on the property. Unless the debt was paid she was only entitled to the use and enjoyment of it until sale and confirmation, after which she would be required to surrender all her rights to the purchaser. She was not required to improve the property or to repair the same for the benefit of such purchaser; and this is especially so because of the fact that, whether the premises brought much or little at the sale, no deficiency judgment could have been rendered against her. So the amount of the receiver's fees and the costs of that proceeding, together with the money expended for repairs out of the rentals of the property, were wrongfully taken from her and converted to another's use. It is insisted, however, by counsel for the defendants that the approval of the account of the receiver, and his discharge by the order of the district court, was binding on the plaintiff to the extent, at least, of compelling her to receive the small remainder which he paid into court in full compensation for her interest in the mortgaged premises while she was wrongfully

deprived of the use and benefit thereof. To so hold would amount to a reversal of our judgment in her favor declaring that the receiver was wrongfully appointed. When the order relied on was made there was no receiver in the foreclosure proceeding. Long before that time he had been discharged, and the judgment appointing him had been reversed and set aside. So it seems clear that the plaintiff was not bound by that order, but has the right to proceed against the defendants on the bond given by them to secure the appointment of the receiver, and recover all the damages that she has thereby sustained.

Lastly, the defendants contend that they were entitled to recover of the plaintiff the costs in the foreclosure proceeding, or a part of them, on their cross-demand in this case. It is urged as a reason for the contention that a large part of the costs in that proceeding was advanced by them, and that the court erred in denying them the right to recover the costs so advanced. This contention cannot be sustained. The decree of the district court in the foreclosure case provided that out of the proceeds of the sale of the mortgaged premises the costs should be first paid, and that the remainder of such proceeds should be applied to the payment of the amount found due the plaintiffs therein. So the plaintiff herein was not made personally liable for any part of the costs, and no personal judgment could have been rightfully rendered against her therefor. As we understand it, it is not now contended that she can be compelled to pay any part of the costs of the foreclosure proceedings by execution or otherwise, and we fail to understand how the value of her right of possession of the premises in question during the pendency of the foreclosure proceedings can be diminished by requiring her to pay any part of the costs of that action. We are asked, however, in case we adhere to our former decision, to make some order with reference to the disposition of the money deposited in court by the receiver, so that the plaintiff may not have double rent from the property in question. It would seem that this

is a matter for the consideration of the district court; that if the defendants desire to have the money there deposited paid to the plaintiff they should make an application to that court for an order on the clerk to turn over the fund to the plaintiff as a payment *pro tanto* upon her judgment. Or, if they see fit to do so, they may obtain an order permitting them to withdraw the money for their own use and benefit, and in that event execution should be awarded to the plaintiff for the full amount of her judgment herein.

For the foregoing reasons, our former judgment is adhered to.

AFFIRMED.

SEDGWICK, C. J., dissenting.

The defendant in the foreclosure proceedings, who is now the plaintiff in this action, was entitled to the possession and use of the premises while the foreclosure proceedings were pending. Of this use and possession she was deprived by the appointment of a receiver. It was finally determined that the receiver ought not to have been appointed. The condition of the plaintiffs' bond given upon the appointment of the receiver has therefore been broken and the plaintiff is entitled to recover thereon. The question is as to the measure of damages.

When a court of competent jurisdiction, and with jurisdiction of the parties and to determine the necessity and propriety of a receivership, makes an order appointing a receiver, the receiver so appointed is an officer of the court. He is such officer of the court not only in the ordinary sense, but also in a special and peculiar sense. The actions of the receiver are the actions of the court. He performs those actions under the general orders of the court, and they are as much the acts of the court as though there had been a special order for the performance of each individual act, so far as the receiver acts only within the scope of the order appointing him. When it is finally determined that the order appointing the

receiver ought not to have been made, this is a determination that the court has made a mistake, and it cannot be true in any ordinary sense that either the court or the receiver is a trespasser. The statement therefore in the opinion in *Haverly v. Elliott* 39 Neb. 201, that the judgment of the court that the receiver was wrongfully appointed put the receiver in the position of a trespasser is not to be applied in a general sense. The meaning of the writer of that opinion must have been that, in that particular case, the rules for estimating damages applicable to trespassers who had converted property were also applicable to the case then being considered.

A court is not to be held to be a trespasser because of an error of judgment in exercising a lawful jurisdiction, and the officer of the court executing that order cannot, for the same reason, be held to be a trespasser. A receiver acting under the orders of the court made within its jurisdiction is generally considered to be the receiver for all parties to the litigation. If under the orders of the court he takes possession of property belonging to a party to the litigation, he holds that property under the orders of the court for the party to whom it belongs, to be delivered to that party when the rights of the parties are determined. And in this case, when this receiver under the orders of the court took possession of the property in controversy, the plaintiff in this case was at all times in legal right entitled to have that property returned to her by the receiver, and in that sense the receiver held the property for her and was her receiver. When it was determined that the receiver ought not to have been appointed this plaintiff was entitled to an order upon the receiver to return the property to her, and of course she was entitled to an order to return the proceeds of that property which had accrued while in the hands of the receiver; and so when the receiver held the rentals of this property, he held them for this plaintiff as her receiver, and, when he ceased to be receiver, ought to have returned these rentals to this plaintiff. This is all

42

that the receiver could return to the plaintiff and was not sufficient to satisfy her just claim for damages. If the amount which the receiver held for her and returned into court to be paid to her was equal to all of the damages which she had sustained, she manifestly could not have recovered in this action; or, more correctly stated, so far as the receiver accounted for and paid over to her, or paid into court for her, the money equivalent of the use of the premises of which she had been deprived, she was not damaged by the appointment of the receiver. In other respects the measure of damages adopted by the trial court appears to be correct. She was deprived of the use of the premises to which she was entitled. She was therefore entitled to recover the value of such use, less the amount which the receiver accounted for to her. The claim of the defendants to offset against her the amount of costs which had been adjudged against the property in the foreclosure proceedings was correctly refused. In these foreclosure proceedings no deficiency judgment could have been rendered against this plaintiff, who was defendant there, and the judgment for costs was strictly a judgment against the property and was not a personal judgment against this plaintiff. The property was afterwards sold and the proceeds applied upon the mortgage claim. The costs accrued in the foreclosure proceedings were a part of the mortgage claim, and the proceeds were first applied in payment of these costs, and afterwards upon the indebtedness, and the remaining deficiency would not be a personal claim against the defendant in those proceedings.

The improvements made upon the property by the receiver ought not to be charged to this plaintiff. These improvements, no doubt, enhanced the value of the property and so benefited the defendants and not the plaintiff. The plaintiff does not get the property, but only the use thereof until the title passed to the defendants under the foreclosure sale. It is not claimed that the rental value during the time plaintiff was entitled to

the same was increased by these improvements. Apparently the plaintiff was allowed to recover only the rental value of the property as it was when she was dispossessed by the receiver; and, if so, she was in nowise benefited by the improvements. It devolved upon the defendants to allege and show that the making of these improvements lessened the plaintiff's damages. This they have failed to do.

The costs paid out by the receiver ought not to be charged to this plaintiff. No doubt this plaintiff, and all other parties to the suit in which the receiver was appointed, are bound by the final adjustment of the receiver's accounts by the court. This settlement of the receiver's accounts shows that these costs were occasioned by the appointment of the receiver. The appointment was wrongful; and that unnecessary costs would be caused by this appointment, and this plaintiff damaged thereby, must have been within the contemplation of the principal and sureties on the bond in suit when the bond was given. If the plaintiff had paid these costs she could, of course, have recovered the amount on this bond. So far as the plaintiff has failed to get the value of the use of the premises that she would or might have received if no receiver had been appointed, she has been damaged by the appointment.

Under the judgment of the district court in this case, as affirmed by the majority opinion, the plaintiff recovers the full amount of the rental value of the property, and the money that is paid into court by the receiver goes to the defendants. If the law had been strictly observed upon the trial, the plaintiff would have been allowed to take the money paid into court by the receiver, and that amount would have been deducted from the damages she would otherwise have been allowed to recover. Possibly, this error might require a reversal of the judgment, and, if so, the costs of this court would fall upon the defendants, and they would be allowed a retrial of the plaintiff's claim of damages. Apparently the result would be sub-

stantially the same, and, if so, no injury has been done the defendants. It may therefore be said that I dissent from the reasoning of the opinion and concur in the result.