BRIGHT v. BOSTICK et al.

ASSUMPSIT—*Will lie for use and occupation.*—The action of assumpsit will lie
for the use and occupation of property.

VERDICT—*When set aside for excessive damages.*—The verdict of a jury will not
be set aside on the ground of excessive damages, unless the evidence clearly
show them to be so.

APPEAL FROM SEBASTIAN CIRCUIT COURT.

HON. E. D. HAM, *Circuit Judge.*

*B. T. Du Val, T. D. W. Yonley,* for Appellant.
*Clark & Williams,* for Appellees.

SEARLE, J.—This was an action of assumpsit brought, in
the Sebastian Circuit Court, by Pennywit, in his lifetime,
against E. B. Bright, for the use and occupation of certain
mill property in that county. After the death of the plain-
tiff, Pennywit, the cause was revived in the names of the
appellees, as his executors.

The facts are substantially as follows: Pennywit, the testa-
tor of the appellees, purchased the mill property, in question,
under a decree of the Sebastian Circuit Court, sitting in chan-
cery, and was awarded a writ of possession for the property,
on the 23d of February, 1857, by that court. Bright, who
was in possession, appealed from the order of the Circuit
Court, granting the order of possession, which order was
affirmed by this court, at the January term thereof, A. D. 1860.

Pennywit brought this suit to the August term A. D. 1860,
of the Sebastian Circuit Court, against Bright, to recover
from him, for the use and occupation of said mill property,
prior to the date of the writ of possession, until he, Penny-
wit, obtained possession under the decision of this court. A
change of venue was taken, by agreement of parties, to the
Fort Smith district of Sebastian county. Pennywit died and
the cause was revived in the names of his executors, Charles
G. Scott, Samuel L. Griffith and John S. Bostick. The de-

fendant pleaded non-assumpsit, to which issue was joined. The cause was submitted to the court sitting as a jury; finding for plaintiffs and damages assessed at four thousand dollars.

The defendant moved for a new trial upon the following grounds:

*First,* The finding of the court was contrary to the law and the evidence.

*Second,* The court erred in regard to the law of the case.

*Third,* The finding of the court was for the plaintiffs, when, by the law of the land, it should have been for the defendant.

*Fourth,* The damages assessed were excessive.

The court overruled the motion for a new trial and rendered judgment against the defendant for the sum of four thousand dollars; whereupon he appealed to this court.

The first three grounds for a new trial will be considered together, as they seem to present but one question, and that is, can assumpsit be maintained for use and occupation, in a case like the one under consideration? The right to recover, for use and occupation, does not exist by the common law. It is entirely a statutory remedy, and, in this State, the right to recover, by this kind of procedure, is conferred by statute. *Section* 13, *Chapter* 100, *Gould's Digest*, provides that "where lands or tenements are held and occupied by any person, without any special agreement for rents, the owner of such lands or tenements, his executors or administrators, may sue for and recover a fair and reasonable compensation for such use and occupation, by an action on the case, in any court having jurisdiction."

This question has been settled in this court, in the cases of *Clem vs. Wilcox,* 15 *Ark.,* 102, and *Dell vs. Gardner et al.* 25 *Ark.,* 134. In the latter case, the question is very ably and elaborately discussed, by Chief Justice Walker, and his opinion settles, beyond a doubt, the right of the appellees, in this case, to recover in an action of assumpsit, for the use and occupation of the property in question. So fully is the ques-

tion considered in that case, that we deem it unnecessary to do more than refer to that decision.

It was found, on the trial below, that Bright, the appellant herein, was in possession of the mill property during the time mentioned in the declaration. But one question remains to be considered, namely, that the damages were excessive. It was proven by one of the witnesses, Hayman, that the property was worth two thousand dollars a year. Hayman further stated that he was a regular miller, and millwright; that he had been engaged in the business all his life, and that he was well acquainted with the mill in litigation. Hammersly, another witness, testified that the mill and property were worth eight hundred dollars a year. He further stated that he had but little knowledge as to the value of such property; that Mr. Hayman was a regular miller, and was well qualified to judge of the value. Clark, another witness, stated that he thought that the use of the mill was worth one thousand dollars, for the year 1857, and eight hundred dollars per annum for the years 1858 and 1859. He stated that he was a miller. He also stated that Hayman was a good miller and mill-wright and a good judge of the value of mill-property. The above is the substance of what was proven on the trial, and we are of opinion that it clearly establishes the fact, that the rent of the property, for the time it was in the possession of Bright, was worth even more than the amount of the judgment rendered against him. We cannot therefore regard the damages as excessive, from the testimony contained in the transcript. Finding no error in the judgment of the court below, the same is affirmed with costs.