COOLEY *v.* KSIR.    / 5 / 5, 4, 2 5 4/

Opinion del vered November 18, 1912.

1. LANDLORD AND TENANT—USE AND OCCUPATION.—Where the entry upon the land of another is peaceable and the occupation acquiesced in, without any agreement, written or verbal, as to rent, the owner may bring an action for use and occupation. (Page 308.)

2. AGENCY—EFFECT OF ACTING FOR UNDISCLOSED PRINCIPAL.—Where an agent discloses the fact that he is agent, but does not disclose the name of his principal, he may be held personally liable as principal. (Page 309.)

Appeal from Craighead Circuit Court, Jonesboro District; *W. J. Driver,* Judge; affirmed.

*N. F. Lamb,* for appellant.

Since the facts in evidence conclusively show that there was never a contract of letting, express or implied, between Ksir and Cooley, that the relation of landlord and tenant never existed between them, and that Cooley never had the "use and occupation" of the store, the action should have been dismissed. 7 Ark. 305; 10 Ark. 602; 4 N. Y. 217; 44 Ark. 444.

*Hawthorne & Hawthone,* for appellee.

Cooley's liability is established by the evidence. Whether he was in possession of the house with or without the consent of plaintiff does not change his liability. 3 Wend. 219; 34 N. Y. 284; 66 Ark. 145; 25 Ark. 134; 27 Ark. 55; 38 Ark. 112; 49 Ark. 503; 64 Ark. 240.

HART, J. Joe Ksir instituted this action against H. M. Cooley to recover compensation for the use and occupation of a certain brick storehouse situated in the town of Jonesboro, Arkansas.

The jury returned a verdict in favor of the plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

The facts adduced by the plaintiff are substantially as follows: Sam Bryan rented a storehouse from Ksir at fifty-five dollars per month, and was conducting therein a mercantile business. The defendant Cooley, as attorney for creditors of Bryan, recovered judgments against him and

caused execution to be issued thereon. He threatened to have the executions levied on the stock of goods of Bryan unless payment was made at once. It was finally agreed between them that Bryan should turn over the keys of the storehouse to Cooley and let them remain in his possession pending negotiations for a settlement. In pursuance of this agreement, Bryan locked up the storehouse and turned over the keys to Cooley. Bryan did not thereafter exercise any control over the stock of goods, but allowed them to remain in the storehouse in the possession of Cooley for about two months, at which time bankruptcy proceedings were instituted against him. The plaintiff Ksir testified that about four or five days after Bryan was closed up he went to see Mr. Cooley about his rent, and that Cooley told him he would get dollar for dollar; that later on he went to see Mr. Cooley again and asked him how long he was going to keep it, and that Cooley answered that he could not tell, it might take him ten days or it might take him a month; that he again went to Cooley and told him he wanted his house, and that Cooley replied he could not get his house, but would get his rent.

H. M. Cooley testified: "When the storehouse was locked up, the keys were handed to me, and my recollection is that I left the keys in the First National Bank, as it was the largest creditor. During the time the store was locked up, I went in there several times to see about fastening up things and to see if anybody was molesting the stock of goods. At the end of about two months a petition in bankruptcy was filed against Sam Bryan, and later on he was adjudged a bankrupt. Shortly after the keys were turned over to me, Mr. Ksir came to my office and wanted to know about his rent. I told him I was only representing the creditors, and would not be responsible for the rent. Some time later he came back and demanded pay. I told him that I was only representing the creditors and trying to make a settlement with Bryan, and told him I would not be responsible personally for the rent."

It is undisputed that the storehouse belonged to Ksir, and that Bryan occupied it as his tenant. It is also undisputed that Bryan turned over the keys of the storehouse to the defendant Cooley, who represented certain creditors of Bryan. From this time on Cooley exercised sole control

over the stock of goods and kept possession of the storehouse in which the goods were situated. He admits that he went in there several times to see that the store was properly fastened and to see if anybody was molesting the goods. Ksir, the owner of the store, acquiesced in him so holding it. From this evidence but one inference can be legitimately drawn and that is, that Ksir was the owner of the store, and that by his permission Cooley held possession of it for two months for the benefit of certain creditors of Bryan. In the case of *Dell* v. *Gardner*, 25 Ark. 134, the court held:

"Where the entry upon the lands of another is peaceable and the occupation acquiesed in, without any agreement, written or verbal, as to rent, the owner may bring an action for use and occupation." See also *Bright* v. *Bostick*, 27 Ark. 55.

But the defendant contends that he told the plaintiff that he would not be personally responsible for the rent; that he was only acting as the representative of certain creditors of Bryan in the matter. It will be noted, however, that he did not disclose to the plaintiff the names of the creditors for whom he was acting. This it was his duty to do if he would excuse himself from responsibility on the ground of agency. The rule is that, though the agent discloses the fact he is agent but does not disclose the name of his principal, he may be held personally liable as principal. *Neely* v. *State*, 60 Ark. 66, and cases cited. In this view of the case, it is not necessary to consider whether the circuit court erred in its instruction to the jury. The judgment upon the facts and the law upon the whole case is right, and will therefore be permitted to stand. *Gibbons* v. *Dillingham,* 10 Ark. 9; *St. Louis S. W. Ry. Co.* v. *Russell*, 64 Ark. 236.

The judgment will therefore be affirmed.