RINER *v.* RAMEY-MILBURN COMPANY.

Opinion delivered November 17, 1924.

1. RECEIVERS—BOND OF PARTY APPLYING FOR APPOINTMENT OF RECEIVER.—Since there is no statute requiring an indemnifying bond from a party applying for a receiver, it is within the discretion of the court whether such party be required to give bond to pay damages to the other party growing out of the receivership.

2. RECEIVERS—LIABILITY FOR PROCURING RECEIVERSHIP.—A party is not liable for damages growing out of the procurement by him of a receivership, in the absence of a showing that the appointment was obtained maliciously or without probable cause; no bond having been required of him by the court.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*John E. Miller, Bogle & Sharp,* for appellant.

A party who wrongfully causes a receiver to be appointed becomes liable to the rightful owner of the property for all damages which he may sustain by reason thereof. 23 R. C. L., p. 45; 34 Cyc. 511; 5 Ia. 521; 69 Kan. 682; 3 Tenn. Ch. 332. Practically all of the States have conferred the right of action by statutes which usually require a bond, conditioned to pay all costs and damages in case it is adjudged the appointment of a receiver was improper. 140 Ala. 257; 159 Ala. 570; 182 Ill. App. 413; 32 Mont. 80; 39 Neb. 201; 76 Neb. 594. While this court has never directly passed upon the exact question, it intimated that it favored the above rule in the opinion in 141 Ark. 393, and it did lay the burden of paying the expenses of the receivership, wrongfully procured, upon the party causing it, in 107 Ark. 554.

*Brundidge & Neelly,* for appellee.

Appellees were simply pursuing a right given them by statute (section 8600, C. & M. Dig.), in asking for a receiver. In the cases cited by appellant, if the party aggrieved could not make out a case of malicious prosecution by showing malice and want of probable cause, his sole recourse was upon the bond filed for the receivership. Here there was no bond, nor was there any allega-

tion or proof of malicious prosecution, hence appellant's complaint stated no cause of action. See L. R. A. 1916E, p. 1277, for a full discussion of the subject and the numerous authorities cited, and note on p. 1282. The case cited by appellant in 141 Ark. 393 is not in point on the facts.

WOOD, J. This is an action by the appellant against the appellees to recover damages growing out of the alleged wrongful appointment of a receiver at the instance of the appellees. The appellant alleged, in substance, that one Charles H. Sevick owned a large quantity of personal property and real estate, located in White County, consisting of five mills and their equipment, which property is described in the complaint; also certain lands, town lots and timber rights. The appellant alleged that Sevick conveyed all of this property to appellant, by instruments duly executed and placed of record, and that appellant entered into possession of the property; that, shortly after this, appellees brought suit against Sevick and appellant, alleging that Sevick was indebted to them on divers accounts in sundry sums, and that he conveyed certain of his property to appellant with the fraudulent intent of defeating their claims; that the appellees, in their action against Sevick and the appellant, asked that the conveyances made to appellant by Sevick be set aside, and that a receiver be appointed to take charge of the property and hold it during the pendency of the action; that, upon the representations made by the appellees in that action, a receiver was appointed who took charge of all the property which had been conveyed by Sevick to the appellant; that an answer was filed in that case by the appellant, and, upon final hearing of the cause, the issues were determined in appellant's favor, and the receiver was directed to return the property to him; that such cause was appealed to the Supreme Court, and the decree of the lower court in that cause was affirmed. The appellant in the present action alleges in detail the damages which he sustained by reason of the appointment of the receiver, which amounted in the aggregate to $13,033.11, and asked judg-

ment against the appellees in this sum. General
demurrers were sustained to the complaint. The appel-
lant stood on his complaint, and the court entered a
decree dismissing the same, from which is this appeal.

The only question for decision is whether or not the
complaint states a cause of action. Our statute provides
that "whenever it shall not be forbidden by law, and
shall be deemed fair and proper in any case in equity,
the court, judge or chancellor shall appoint some prudent
and discreet person as receiver." Section 8600, C. & M.
Digest. By the same section the receiver is required to
take an oath to "faithfully, impartially, diligently and
truly execute the trust reposed in him," and he is also
required to give bond with good and sufficient security
to be approved by the court, judge, or chancellor, in
such sum as may be deemed sufficient for the benefit
of all persons in interest, conditioned that he will faith-
fully discharge the duties incumbent on him and faith-
fully account for all assets coming into his hands as
such receiver.

Our statute further provides that receivers may be
removed at any time by the court, judge, or chancellor,
when it shall appear that they have failed to discharge
any duty incumbent upon them, or for other sufficient
cause, upon motion of any person interested, either as
party, creditor, or otherwise. Section 8609, C. & M.
Digest.

There is no provision in our statute requiring those
who desire to apply for the appointment of a receiver
to execute a bond as a condition precedent to such
appointment, that they will pay all damages growing
out of the receivership if it should afterward be deter-
mined that his appointment was unnecessary or
improper. In the case of injunctions there is a provision
requiring the party obtaining the injunction to execute
a bond sufficient to cover all probable damages that may
be occasioned by the injunction. Section 5801, C. & M.
Digest. But in the case of the appointment of a receiver,
in the absence of a statutory provision requiring it, it

is wholly a matter within the discretion of the court as to whether a bond will be required of the parties applying therefor to pay all damages to the other party growing out of such receivership. There is no statute forbidding any litigant to apply to the court for the appointment of a receiver without first making a bond to pay damages. It is therefore one of the rights that every litigant has in the course of the litigation, if he so elects, to ask for such remedy as incident to the litigation, and he is not liable in damages for so doing, any more than he would be for instituting the action itself in which he asks for the receiver.

In the appellant's complaint he does not allege that he resisted the appointment of a receiver in the action by appellees against him and Sevick; nor does he allege that he had made application to the court in which the receiver was appointed at any time to discharge the receiver; nor does he allege that he requested the court to require the plaintiffs in that case, appellees here, to execute a bond conditioned to pay all damages that he might sustain by reason of the appointment of the receiver.

To be sure, in those jurisdictions where the statute requires the execution of a bond by the party applying for a receiver, to pay all damages growing out of the wrongful appointment of such receiver, such damages are recoverable in an action on the bond, and it is not necessary in such cases to prove that the action in which the receiver were appointed, and the appointment of the receiver, was malicious, and without probable cause. *Pagett* v. *Brooks,* 140 Ala. 257, 37 So. 263; *Sullivan Timber Co.* v. *Black,* 159 Ala. 570, 48 So. 870; *Strum* v. *Blair,* 182 Ill. App. 413; *Thornton-Thomas Merc. Co.* v. *Bretherton,* 32 Mont. 80, 80 Pac. 10; *Haverly* v. *Elliott,* 39 Neb. 210, 57 N. W. 1010; *Joslin* v. *Williams,* 76 Neb. 594, 107 N. W. 837.

But in jurisdictions like ours, where there is no such statute, and where there is no law forbidding the appointment of a receiver without bond, and where the matter

of the appointment of such receiver depends entirely upon the discretion of the court, judge, or chancellor, there can be no liability for damages growing out of the appointment of a receiver, in the absence of allegations and proof to the effect that the appointment was sought and obtained maliciously, or without probable cause. In the absence of a statute requiring the party applying for a receiver to pay damages growing out of a wrongful appointment, the action against a party wrongfully procuring the appointment of a receiver is likened to that accruing on the dissolution of an improperly procured injunction. See 23 R. C. L., p. 45. In injunction cases, since our statute requires the giving of a bond to pay damages, the party aggrieved and suffering damages by the wrongful issuance of an injunction may recover on the bond, or, if he does not so elect, he may bring his action as if it were a common-law action on the case for the damages done him by reason of the wrongful injunction, alleging that such injunction was malicious and without probable cause. But, in the absence of such allegation and proof, he cannot sustain such action. *Riger & Co.* v. *Knight,* L. R. A. 1916E, p. 1277, and case notes.

In *Powell* v. *Woodbury,* 85 Vt. 504, at page 513, it is said: "No action lies at common law for damages by an injunction, unless it was sued out maliciously and without probable cause. To remedy this defect, injunction bonds were devised, and then there were two remedies, one on the bond and one for the malicious use of the process without probable cause." See numerous authorities cited in case note to this case in Ann. Cases 1914D, 606.

In *Meyers* v. *Block,* 120 U. S. 206, it is said: "Without a bond for the payment of damages or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution."

The same rule obtains with reference to an action for wrongfully procuring the appointment of a receiver.

See *Lyon* v. *United States Fidelity, etc., Co.,* Ann. Cas. 1915D, p. 1036, and case note.

It follows that the appellant's complaint against the appellees did not state a cause of action, and the decree of the court so holding and dismissing the complaint is correct, and it is therefore affirmed.