BANK OF SHIRLEY *v.* BONDS.

Opinion delivered February 4, 1929.

*Brundidge & Neelly,* for appellant.

*Opie Rogers* and *Garner Fraser,* for appellee.

HUMPHREYS, J.  Appellant brought this suit against appellees in the chancery court of Van Buren County, upon several notes; also to set aside and cancel two deeds to certain real estate which S. S. Bonds made to his son, R. J. Bonds, and a mortgage conveying said real estate so conveyed from R. J. Bonds to the Van Buren County Bank upon the allegation that they were without consideration and executed for the purpose of defrauding appellant in the collection of said notes.  Ancillary remedies of *lis pendens,* attachment and garnishment were invoked to reach all other personal and real property alleged to belong to the Bonds.  A writ of garnishment was served upon the Van Buren County Bank, seeking to impound any funds S. S. Bonds might have on deposit.  A receiver was appointed, on application of appellant, to take charge of the real estate conveyed by S. S. Bonds to R. J. Bonds.

Answers were filed admitting the execution of the notes, except one for $2,000, and pleading full payment of the indebtedness evidenced by the notes.  The Bonds denied that the two deeds were voluntary and executed for the purpose of defrauding appellant in the collection of its indebtedness, and the Van Buren County Bank and R. J. Bonds denied that the mortgage from R. J. Bonds to it was executed without consideration and for the fraudulent purpose of defrauding appellant in the collection of said indebtedness.  The grounds alleged for the attachment were also controverted.  The Van Buren County Bank answered, in the garnishment proceeding, that it only had in its possession eighty-eight cents belonging to S. S. Bonds.

The cause was submitted to the court upon the pleadings and testimony, which resulted in the finding that there were no grounds for the issuance of attachment or garnishment, and decreed a dismissal thereof;

also that the two deeds from S. S. Bonds to R. J. Bonds and the mortgage from R. J. Bonds to the Van Buren County Bank were not fraudulently executed, and dismissed the complaint for the want of equity, attacking them. The court also found that S. S. Bonds signed the $2,000 note, and that he was indebted to appellant on the several notes in the sum of $2,672.59, after allowing some of the credits and disallowing others claimed by him, and rendered judgment in favor of appellant against him for said amount. The court also found that there were no grounds nor necessity for the appointment of a receiver, and that said receiver should be discharged; and that one of the appellees, R. J. Bonds, was damaged by the wrongful appointment of such receiver in the sum of $250, the rental value of the lands over which the receiver was appointed; that said sum of $250 should be offset against two of the notes sued upon which were signed by the said R. J. Bonds, and that, after striking a balance, appellant owed R. J. Bonds on account of said damages the sum of $111.99, and rendered judgment in his favor against appellant for said amount. Exceptions to the adverse findings against appellant and appellees were made by the respective parties, and appellant prosecuted a direct and appellees a cross-appeal to this court.

Appellant contends for a reversal of the decree in so far as adverse to it and a modification thereof so as to conform to its contentions, upon the following grounds:

(1). Because the court erred in allowing damages in the sum of $250 to R. J. Bonds on account of the appointment of a receiver to take charge of lands conveyed to him by S. S. Bonds. (2). Because the court erred in allowing S. S Bonds credit for $202.50 and $582.50 on certain checks which he had deposited with appellant and which were known as the Gilmore and Gammill checks. (3). Because the court erred in allowing damages for cottonseed purchased from appellants by the Bonds. (4). Because the court erred in

refusing to grant judgment against the Van Buren County Bank in the garnishment proceedings.

(1). Appellant cites the case of *Riner* v. *Ramey-Milburn Company,* 166 Ark. 221, 265 S. W. 963, in support of its first contention, to the effect that the trial court erred in allowing R. J. Bonds $250 on account of the wrongful appointment of a receiver to take charge of his lands. It is not argued that, under the facts in the case, a necessity existed for the appointment of a receiver, but that it was within the discretion of the chancellor to appoint one without bond, because there is no statute in Arkansas requiring an indemnifying bond as a prerequisite to obtaining the appointment of a receiver, and that no damages can be assessed in favor of an injured party on account of the appointment of a receiver in a case by a chancellor or court where the chancellor or court had not ordered that a bond be given. The case cited recognizes the rule that, if a party litigant obtains the appointment of a receiver maliciously and without probable cause, he will be liable for resulting damages, although there is no statute in the State requiring the execution of indemnifying bonds as a prerequisite to obtaining the appointment of receivers. The court found in the instant case, upon testimony that justified the finding, that no ground or necessity existed for the appointment of the receiver, which was tantamount to finding that the appointment was obtained without probable cause, and inferably with malice. Under the facts in the case and the rule announced, the court did not err in allowing R. J. Bonds $250 on account of the wrongful appointment of the receiver.

(2). Appellant's next contention, to the effect that the court erroneously allowed S. S. Bonds credit on the notes for two checks, the Gilmore check for $202.50 and the Gammill check for $582.50, depends upon whether the allowance of them by the trial court is clearly against the preponderance of the testimony It cannot possibly serve any useful purpose to set out the conflicting testimony relating to these two items in this opinion. Suffice

it to say that, after a careful reading of the testimony, we are of opinion that the weight thereof supports the allowance of both credits.

(3). Appellant's next contention, to the effect that the court erroneously allowed appellees the value of worthless cottonseed which it sold them, is justified on the ground that it did not own the seed but merely acted as the agent of the merchants of Shirley in the sale thereof. Cottonseed was sold the appellees by appellant without disclosing its agency for the merchants of Shirley and without disclosing its principal. An agent who does not disclose his agency and the principal for whom he is contracting may be held liable as a principal. *Cooley* v. *Ksir,* 105 Ark. 307, 151 S. W. 254, 46 L. R. A. (N. S,) 527; *Beatrice Creamery Company* v. *Garner,* 119 Ark. 563, 179 S. W. 160; *Collier Commission Company* v. *Redwine Bros.,* 169 Ark. 814, 277 S. W. 2.

(4). Appellant's next contention, to the effect that the court should have rendered judgment against the garnishee, is without support in the testimony. The weight thereof is clearly to the effect that the Van Buren County Bank owed S. S. Bonds nothing of consequence at the time or after his writ of garnishment was served upon it.

Appellees contend on cross-appeal for a reversal of the decree in so far as adverse to it and a modification thereof, because the court did not allow an additional credit of $203.04 on the Gilmore check, and William Bonds and R. J. Bonds $100 each, and S. S. Bonds $150 damages for breach of the warranty as to the cottonseed.

As stated above, after a careful reading of the testimony we are convinced that the weight thereof supports the amount of the allowance made by the court.

Appellees cite the case of *Earle* v. *Boyer,* 172 Ark. 536, 289 S. W. 490, in support of their contention that the trial court adopted the wrong rule for the measure of damages relative to the sale of seed for planting purposes. Appellees did not bring themselves within the rule announced in that case by proving the proper prepa-

ration of the soil for the reception of the seed and that same were planted at the proper depth.

No error appearing, the decree is affirmed.

HUMPHREYS, J., (on rehearing). Appellant insists, on motion for rehearing, that the evidence does not warrant the conclusion reached by the chancellor and confirmed by this court, that S. S. Bonds was solvent, and that no necessity existed for the appointment of a receiver. We have read the testimony again, and think the finding of the chancellor is supported by the weight thereof. The testimony brings the case within the rule recognized in *Riner* v. *Ramey-Milburn*, referred to in the original opinion, to the effect that, where a litigant obtains the appointment of a receiver without probable cause, and inferably with malice, he will be liable for resulting damages, although there is no statute in the State requiring the execution of an indemnifying bond as a prerequisite to obtaining the appointment of a receiver.

Appellant also insists that it is not bound by the answer of the Van Buren County Bank to the writ of garnishment filed on January 19, 1927, to the effect that it had only eighty-eight cents belonging to S. S. Bonds, because the answer was prematurely filed. The answer was filed on the return day named in the writ, and the truth of the statements contained therein was not traversed in writing. This court ruled in the case of *Beasley* v. *Haney*, 96 Ark. 568, that the untraversed answer by a garnishee must be presumed to be true, even if an issue had properly been joined in the garnishment proceeding. We think the finding of the chancellor to the effect that there was no ground for the issuance of the writ of garnishment is sustained by the weight of the testimony. Van Buren County Bank had a *bona fide* indebtedness against the Bonds, and took a mortgage on unincumbered real estate to secure same. There is nothing in the record to indicate that the mortgage to the bank was fraudulent. It is true that, after the Van Buren bank filed its answer, it loaned $300 to Herman Bonds, 14-year-

old son of S. S. Bonds, and that S. S. Bonds bought cattle with it, under an agreement to divide the profits with his son. The record does not reflect that S. S. Bonds deposited any of his individual money in the bank. A little later on it seems that he purchased cattle with money which he borrowed from Brad Fraser, the cashier of the Van Buren County Bank, and checked on Fraser's account for such amounts as he used. As stated above, there is nothing in the record to indicate that S. S. Bonds ever deposited any of his own money in the bank after he filed his answer, which was not controverted.

The motion for rehearing is therefore overruled.