**SPENCER INVESTMENTS, INC., a Colorado corporation, Plaintiff–Appellant,**

v.

**Chuck BOHN, Receiver, and Union Colony Bank, a Colorado banking association, Defendants–Appellees.**

No. 94CA1220.

Colorado Court of Appeals, Div. I.

Sept. 28, 1995.

As Modified on Denial of Rehearing Nov. 9, 1995.

Certiorari Denied Sept. 3, 1996.

Nelson, Reid & Schwartz, Daniel W. Dean, Fort Collins, for Plaintiff–Appellant.

Weller Friedrich, LLC, Dennis J. Bartlett, Fermin G. Montoya, Denver, for Defendant–Appellee Chuck Bohn, Receiver.

Moye, Giles, O'Keefe, Vermeire & Gorrell, John A. O'Brien, Denver, for Defendant–Appellee Union Colony Bank.

Opinion by Judge TAUBMAN.

In this second appeal concerning payment of two months and three days rent, plaintiff, Spencer Investments, Inc. (Spencer) appeals the summary judgment entered against it and in favor of defendants, Chuck Bohn,

receiver, and Union Colony Bank (UCB). We affirm.

The essential facts are not in dispute. Spencer leased certain real property in Henderson, Colorado, to H.T.C. Corporation, d/b/a Harris Marine (Harris Marine), to sell boats and related products. Because of Harris Marine's financial problems, UCB requested the appointment of Bohn as a receiver to manage and sell certain assets which had been pledged by Harris Marine to secure its outstanding obligations to UCB.

Bohn assumed his duties as a court appointed receiver on November 1, 1991, and prepared to remove Harris Marine's assets in which UCB had an interest. On November 11, 1991, Spencer served a Notice to Quit upon Bohn in an effort to get him to vacate the leased property. On two separate occasions thereafter, the president of Spencer requested that Bohn not remove Harris Marine's assets from the leased property in order to allow Harris Marine additional time to obtain alternative financing. Bohn complied with this request and cancelled arrangements with movers to move Harris Marine's pledged collateral.

Two days after service of the notice to quit upon Bohn, Harris Marine commenced bankruptcy proceedings in the United States District Court for the District of Colorado. As a result of these bankruptcy proceedings, an automatic stay took effect. In December 1991, first UCB and then Spencer obtained orders from the bankruptcy court granting them relief from the automatic stay. After Spencer obtained its order from the bankruptcy court, Bohn removed the assets from Spencer's property, completing this task by January 3, 1992. In the interim, Spencer had relet its premises to another entity effective January 1, 1992.

Spencer sought to intervene in the receivership case to assert a claim against Bohn. Its motion to intervene was denied and that denial was affirmed by this court. *Union Colony Bank v. H.T.C. Corp.*, (Colo.App. No. 94CA0928, May 27, 1993) (not selected for official publication).

The following day, Spencer initiated this action to seek compensation for Bohn's use of its property for the period from November 1, 1991, to January 3, 1992. The trial court granted Bohn's motion for summary judgment, in which UCB had joined, and dismissed all claims against Bohn and UCB. This appeal followed.

The trial court held that Bohn was not liable for rent to Spencer based upon Harris Marine's lease, since Bohn had refused to assume Harris Marine's lease at least twice. Further, the court concluded that Bohn was precluded from removing the collateral until the bankruptcy stay was lifted on December 18, 1991. The court also found that the period between December 18 and January 3, 1992, was a reasonable amount of time for Bohn to remove the collateral. Accordingly, the trial court held that Bohn was not liable for rent because he had received no benefit from Spencer.

The court also declined to consider Spencer's claims for breach of contract and unlawful taking on the ground that they had not been raised in the complaint. It denied without discussion Spencer's unjust enrichment claims.

When reviewing the appropriateness of a summary judgment, we must determine whether a clear showing has been made that no issue of material fact exists and that the party moving for summary judgment is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). In making this determination, we must resolve all doubts as to the existence of a triable factual issue against the moving party and give the party against whom summary judgment is sought the benefit of all favorable inferences which may be drawn from the facts. *Gifford v. City of Colorado Springs*, 815 P.2d 1008 (Colo.App. 1991).

I.

Initially, we note that although UCB is listed in the notice of appeal, Spencer asserts no claims on appeal against it. Spencer contends only that Bohn was required to compensate it for his use and possession of Spencer's property. Thus, we affirm the tri-

al court's summary judgment entered in favor of UCB.

## II.

Spencer contends that because Bohn took possession of the collateral, excluded Harris Marine and Spencer from Spencer's property, and stored the collateral on that property, Bohn is obligated to pay rent to Spencer. In contrast, Bohn asserts that Spencer had no possessory interest between November 1 and December 27 in the Henderson property, in part because Spencer's lease was with Harris Marine, which had not assigned or otherwise transferred its leasehold interest to Bohn. We agree with Bohn's argument.

In the absence of an agreement to the contrary, there is an implied covenant for the quiet enjoyment of leased premises and the tenant is entitled to possession of the premises to the exclusion of the landlord. *Radinsky v. Weaver,* 170 Colo. 169, 460 P.2d 218 (1969). Further, in an action at law, an assignee for the benefit of creditors who does not adopt a lease is not liable for rent or use and occupation for the period during which the assignee retains control of the leased premises because the leasehold estate remains in the insolvent lessee in the absence of an assignment of the lease. *See Journeay v. Brackley,* 1 Hilt. 447 (N.Y.1857).

Here, Spencer had leased the premises to Harris Marine. By virtue of this lease, Harris Marine had a right to occupy the property and an obligation to pay rent. When Bohn was appointed receiver with respect to certain assets of Harris Marine in which UCB had an interest, Bohn was not appointed as receiver for Harris Marine or for its leasehold interest in the Spencer property. Rather, as receiver, Bohn was responsible for managing and disposing of Harris Marine's collateral located on Spencer's property.

Thus, in our view, Spencer's claim for rent could properly be asserted only against Harris Marine or against its bankruptcy estate. *See* 28 U.S.C. § 1334 (1993) (bankruptcy court has exclusive jurisdiction to determine bankruptcy trustee's obligation to pay rent).

Moreover, since Bohn did not assume Harris Marine's obligation to pay rent at any time during the period in question, we conclude that Spencer had no right to obtain rent from Bohn during the entire period in dispute. *See Journeay v. Brackley, supra.*

Accordingly, we conclude that because Bohn had not assumed any obligation to pay rent, Spencer did not have any right to collect rent from him for the period in question.

## III.

Spencer next argues that even if it is not entitled to obtain rent from Bohn, it is entitled to reasonable compensation for Bohn's use and occupancy of the leased premises. We disagree.

Generally, a receiver may retain possession of leased premises for a reasonable time to determine whether he or she will adopt the lease. *Oscar Heineman Corp. v. Nat Levy & Co.,* 6 F.2d 970 (2d Cir.1925). During this period, the receiver may be liable to the lessor for the reasonable value of the premises during his or her use and occupancy. *Irving Trust Co. v. Densmore,* 66 F.2d 21 (9th Cir.1933).

Spencer maintains that, because Bohn changed the locks on the leased premises to prevent dissipation of UCB's collateral and otherwise used the lease premises, he is liable for payment of reasonable compensation.

However, the cases upon which Spencer relies do not support its contention. In both *Oscar Heineman* and *Irving Trust,* the receivers acted directly on behalf of insolvent tenants. Here, by contrast, Bohn was a receiver for one of numerous creditors of Harris Marine. Spencer agrees that Bohn did not hold the lease as part of his receivership responsibilities. Although Bohn changed the locks on the leased premises, he did so only to protect the collateral that was his responsibility to oversee.

Thus, because Bohn was not a general receiver for Harris Marine, we conclude that he is not liable for compensation for the use and occupancy of those premises. Our conclusion is supported by the factors upon which the trial court relied, including Spencer's requests that Bohn remain on the leased

premises and Harris Marine's subsequent bankruptcy.

Spencer further relies on *Cooley v. Ksir*, 105 Ark. 307, 151 S.W. 254 (1912), the only case that we are aware of in which a party was acting on behalf of creditors of a tenant. There, a landlord was awarded the reasonable value of the use of a storage facility against an attorney for certain creditors of a tenant.

*Cooley* is distinguishable for two reasons. First, the landlord in that case acquiesced in an agreement between the tenant and the attorney to allow the attorney to take control of the real property for a two-month period. Here, by contrast, Harris Marine did not assign its lease to Bohn and Bohn never agreed to assume it. Additionally, in *Cooley*, the bankruptcy of the tenant did not commence until the two month period had expired, whereas here, Harris Marine's bankruptcy intervened before Spencer had any right to possession of the property.

## IV.

Spencer also asserts that the trial court erroneously refused to consider its claims based upon breach of contract, unjust enrichment, and unlawful taking because these claims were not raised in the complaint. We agree that these theories were adequately raised in the complaint, but nevertheless conclude that they do not present viable theories of recovery.

### A.

■ To prevail on a claim for breach of contract, a party must show that there was a contract in existence and that one party failed to perform some term of the contract. *Western Distributing Co. v. Diodosio*, 841 P.2d 1053 (Colo.1992). To the extent Spencer raises a claim based upon breach of contract, it cannot prevail because there is no evidence that any contract existed between Spencer and Bohn.

### B.

■ Spencer's claim for unjust enrichment is predicated on the theory that Bohn enjoyed the use of Spencer's property and re-

tained a benefit without paying for it. Under the circumstances presented here, we reject this contention.

■ To prevail on a claim for unjust enrichment, a party must establish that it conferred a benefit upon another under circumstances such that it would be inequitable for that party to retain the benefit without paying for it. *See In re Estate of Roddy*, 784 P.2d 841 (Colo.App.1989).

Here, as noted above, Spencer had no right to possess the property it had leased to Harris Marine and, thus, Spencer was not in a position to confer any benefit upon Bohn. If any benefit was conferred, it was conferred by Harris Marine, which had the sole possessory interest in the leased property during this period.

### C.

■ Finally, Spencer argues that it has a claim for wrongful taking without just compensation based upon Colorado Const. art. II, § 15. Spencer asserts that because Bohn, as receiver, is a state actor, this constitutional provision has been violated. However, without deciding whether Bohn is a state actor for constitutional purposes, we reject this claim because it must be based upon some right of Spencer to exercise or use its property during the period in question.

Since we have determined that Spencer had no possessory interest in its property during this period, it has no basis for claiming any injury by virtue of Bohn's functions as a receiver. Because Spencer has not alleged any other damage to its property interests, its wrongful taking claim must fail.

Although our analysis of the various claims and issues presented varies from that of the trial court, nevertheless, we reach the same result. *See Cole v. Hotz*, 758 P.2d 679 (Colo. App.1987).

Accordingly, the judgment is affirmed.

METZGER and PLANK, JJ., concur.